

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Geo. H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Mr. Sheppard:          Opinion No. O-5440

                            Re: Amount to be paid additional
                                employees in University of
                                Texas.

          You submit for consideration by this Department
the following question:

          Under the provisions of the fourth paragraph of
subsection 2 of Senate Bill 333, 48th Legislature, may
the University of Texas create a new professorship in the
Department of Speech, and pay the person holding such posi-
tion from funds transferred under the authority conferred
by the third paragraph of subsection 2 a salary greater
than that itemized for a professor in that Department?

          The first four paragraphs of subsection 2 of Sen-
ate Bill 333 provide:

          "Salary Provisions. No salary appropriated here-
in shall be supplemented out of student fee funds, dormitory
funds, or local funds, except out of the Pure Feed Fund at
the Agricultural and Mechanical College or out of funds re-
ceived from the United States Government or its agencies,
unless so ordered by the governing board of the institution
to which such salary or salaries apply, at a regular meet-
ing with at least a majority of the members of such board
present, and such order shall be entered in the minutes of
the proceedings of said board and shall set forth fully the
reasons therefor. No full time instructional salary as item-
ized herein shall be adjusted to exceed an amount above the
maximum full professor's salary as herein itemized to be ap-
propriated from the General Revenue Fund of the State for
the particular institution to which said salary or salaries
apply, unless the maximum salary is being received in which
case such adjustments may be made not to exceed ten (10) per

cent above such maximum salary so received. It is further provided that compensation for correspondence and/or extension teaching as provided herein and compensation from bequests and gifts, unless so limited by the donor, shall be excluded from the salary limitations of this paragraph. The rate of the salary paid an employee of any institution named herein for services during a summer session shall not exceed the salary rate paid the employee for the same or similar services during the long session of that institution.

"Full time employees on twelve (12) months basis may receive not more than Two Hundred and Fifty ($250.00) Dollars for correspondence course and/or extension center teaching, and may not be paid additional money for summer school teaching, and full time employees on a nine (9) months basis may be paid for correspondence and/or extension center teaching or summer school or other services during the remaining three (3) months of the fiscal year, but may not receive more than Two Hundred and Fifty ($250.00) Dollars per annum for correspondence course teaching during the fiscal year and/or extension center work during the regular nine (9) months session.

"The board of regents or directors within their discretion and with good reason, may pay smaller salaries than those itemized herein, and may make such changes and substitutions within the totals for salaries as may be found necessary, and are authorized to transfer items or parts of items, provided that the total sum to be paid for salaries out of this appropriation shall not exceed the total amount appropriated for salaries; provided further that this authority may not be used to increase the salaries of positions itemized in this bill through the use of funds appropriated for salaries herein.

"When any additional employees other than those employed to fill the positions itemized herein are employed, and are to be paid out of said appropriations or any other funds, such employees shall not be paid larger amounts than those provided herein for similar positions in such institutions or agencies and in the event there are no similar positions within such institutions then such additional employees shall not be paid larger amounts than those provided for similar positions in other State institutions, departments or agencies."

Honorable Geo. H. Sheppard - page 3

It is to be noted that the Legislature in Senate Bill 438, in itemizing the various salaries to be paid from the General Fund, has effectively stipulated the maximum to be paid from that fund for each position. This results from the nature of an appropriation, which authorizes the expenditure of a named sum, and no more, for a particular purpose. The Legislature's intent in this respect is made the more apparent by observing the grant of authority to pay <u>smaller</u> salaries, with no corresponding authority to pay <u>greater</u> salaries from the General Fund, coupled with the express prohibition against the use of transferred items or parts thereof to increase itemized salaries.

The <u>positions</u> itemized in the bill are merely shorthand descriptions of the type of services for which the moneys appropriated are authorized to be expended. The services designated are not merely those of a "professor", "associate professor", etc., but "professor of geology", "associate professor of romance languages", etc. In other words, each designation describes one who performs, in a certain capacity, a particular kind of service. The Legislature has determined in each case the maximum it is willing to authorize to be paid from the General Fund for the services thus rendered. Supplementing of such itemized salaries is authorized, but only within certain limits and from other funds than the General Fund, by the first paragraph of subsection 2.

This, we think, affords a key to the Legislature's intent in prohibiting the payment of greater salaries to additional employees than are authorized for <u>similar</u> itemized positions. The purpose is to impose a uniform maximum compensation for the rendition of the same or nearly the same services -- to require that compensation for additional employees should not exceed that authorized by the Legislature for itemized positions involving the rendering of services of the same or nearly the same character.

In applying the restriction, it is necessary that the additional employees' maximum compensation be measured by the maximum compensation authorized for the itemized position which the additional position resembles most clearly in all its essential parts. There is nothing in the Act suggesting an authority to determine similarity on the basis of only one characteristic, -- as for instance, that each is the position of professor. The lack of similarity in the subject taught by professors has been made the basis for differ-

ences in the amount appropriated from the General Fund for itemized positions. Thus the Legislature has itemized four professors of botany and bacteriology at $4,400.00, $4,000.00, $3,800.00 and $3,400.00, and five professors of geology at $5,600.00, $5,000.00, $3,800.00, $3,600.00 and $3,400.00. It was, we think, certainly not the intent of the Legislature that in employing an additional professor in the botany department, the identity of the services rendered with those rendered by one holding an itemized position in that department might be ignored, and the salary paid the additional professor of botany be fixed at the highest authorized for a professor of geology on the ground that both positions were those of professor, though one teaches a different subject from the other. Similarity in one characteristic is not enough; similarity in each of the essential parts is required. The salary authorized is that authorized for the position which the additional position most nearly resembles in its essential characteristics.

In the Department of Speech of the University of Texas there is one itemized position of "Professor", at $3,800.00 per year. An additional Professor of Speech can be paid not more than $3,800.00 per year from General Fund items or parts of items transferred. The supplementing of such salary from other funds is governed by the provisions of the first paragraph of Section 2 above quoted. In no event may an additional Professor of Speech be paid from any fund or funds more than may be paid one holding the itemized position of Professor of Speech.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By

R. W. Fairchild
Assistant

RWF-LR

